IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **The Calida Group LLC**, a Nevada limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> **The Elysian, LLC**, a Louisiana limited liability company, **Latter & Blum Property Management, Inc.**, a Louisiana corporation, and **Apartments24-7.com**, a Nevada corporation, <br><br> Defendants. | Civil Action No. _____ |

## COMPLAINT

Now comes Plaintiff, The Calida Group LLC ("Calida"), by and through its undersigned attorneys, and for its Complaint against Defendants, The Elysian, LLC, Latter & Blum Property Management Inc., and Apartments24-7.com (collectively, "Defendants"), hereby states as follows:

### JURISDICTION AND VENUE

1. This is a civil action for trademark infringement under the Lanham Act, Section 32(1)(a), 15 U.S.C. § 1114(1)(a); use of a mark which constitutes a false designation of origin under the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a); cyberpiracy under Section 43(d)(1), 15 U.S.C. § 1125(d)(1); and common law trademark infringement and unfair competition.

1879315.1

1

2. This Court has subject matter jurisdiction by virtue of the provisions of Sections 1331 and 1338(a) of Title 28 of the United States Code and Section 1121 of Title 15 of the United States Code. This Court has pendant jurisdiction over the associated claims under Section 1338(b) of Title 28 in that such claims are joined with substantial and related claims under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 et seq.

3. Plaintiff Calida is a limited liability company of the State of Nevada, having its principal place of business at 10777 W. Twain Avenue, Suite 115, Las Vegas, Nevada 89135.

4. Upon information and belief, Defendant The Elysian, LLC is a limited liability company of the State of Louisiana, having its principal place of business at 1610A Oretha Castle Haley Boulevard, New Orleans, Louisiana 70113. This Court, therefore, has general personal jurisdiction over the Defendant The Elysian, LLC pursuant to La. Rev. Stat. Ann. § 13:3201(A).

5. Upon information and belief, Defendant Latter & Blum Property Management, Inc. is a corporation of the State of Louisiana, having its principal place of business at 5557 Canal Boulevard, New Orleans, Louisiana 70124. This Court, therefore, has general personal jurisdiction over the Defendant Latter & Blum Property Management, Inc. pursuant to La. Rev. Stat. Ann. § 13:3201(A).

6. Upon information and belief, Defendant Apartments24-7.com is a corporation of the State of Nevada, having its principal place of business at 6040 South Durango Drive, #115, Las Vegas, Nevada 89113.

7. Upon information and belief, Defendant Apartments24-7.com contracted with one or more of the Defendants to provide services in Louisiana. This Court, therefore, has general personal jurisdiction over the Defendant Apartments24-7.com pursuant to La. Rev. Stat. Ann. § 13:3201(A).

8. Venue is proper in this Court pursuant to Sections 1391(b)(1), 1391(b)(2), and 1391(c) of Title 28 of the United States Code.

## GENERAL ALLEGATIONS

9. Calida is engaged in interstate commerce in the business of luxury community development, property management, and leasing services, among other services, throughout the United States.

10. Calida develops, manages and operates numerous luxury residential properties under the brand ELYSIAN, with at least ten (10) such ELYSIAN-brand properties having been developed or which are under construction.

11. In connection with its development, management and operation of the ELYSIAN brand of luxury properties, Calida applied for and obtained a federal trademark registration on the Principal Register for the mark ELYSIAN®, the same being U.S. Registration No. 4,500,503 for:

> Apartment house management; Apartment locating services for others; Leasing of apartments; Management of apartments; Real estate services, namely, property management services for condominium associations, homeowner associations and apartment buildings; Real estate services, namely, rental of short-term furnished apartments; Rental of apartments and offices; and

> Administration of a consumer loyalty program to promote rental of apartments by others; Providing an interactive real estate website which promotes housing and apartment properties through offering prospective tenants video walk throughs, property descriptions, text, price, location, maps and other information that would be influential to a prospective tenant in making a rental decision.

A true and correct copy of the registration certificate evidencing the registration and ownership is attached as Exhibit A.

12. The U.S. Patent and Trademark Office granted the registration for Calida's ELYSIAN® mark on March 25, 2014.

13. Calida first used the mark ELYSIAN® in interstate commerce at least as early as November 30, 2008.

14. Calida has continuously used the mark ELYSIAN® in interstate commerce in connection with its development, management and operation of luxury properties since its first use, and continues to so use the mark through the present date.

15. Calida registered the domain ElysianLiving.com on December 14, 2013 and has advertised its development, management and operation of luxury properties on a website for such domain and on a related website at the domain TheCalidaGroup.com, and has displayed and promoted the mark ELYSIAN® continuously thereafter.

16. Calida also owns and/or operates additional registered domains on which it advertises its properties and displays the mark ELYSIAN®, including: ElysianAtSouthernHighlands.com (registered July 29, 2013), ElysianAtTheDistrict.com (registered April 10, 2014), ElysianWest.com (registered March 10, 2015), ElysianAtStoneLake.com (registered May 13, 2016), ConstellationLiving.com (registered July 29, 2014), PrimeLivingLV.com (registered December 31, 2014), and ElysianAtFlamingo.com (registered July 12, 2016), in connection with the promotion of its development, management and/or operation of luxury properties; and ElysianLivingFoundation.com (registered March 21, 2017) in connection with its philanthropic and charitable-related efforts.

17. In connection with its use of the mark ELYSIAN® for luxury property development, management and operation, Calida provides notice of its registration for the ELYSIAN® mark by displaying the mark with the appropriate notification as set forth in the Trademark Statute.

18. Defendants are engaged in interstate commerce in the business of developing, operating, managing, promoting, selling and/or leasing luxury apartments under the names "The Elysian," and "The Elysian Apartment Homes," which Defendants started using after Calida's first use in commerce of ELYSIAN®, and after Calida's date of priority established by the filing for registration for the mark ELYSIAN®, namely, U.S. Registration No. 4,500,503.

19. Upon information and belief, Defendant The Elysian, LLC owns, and Defendants operate, manage, lease and/or market, a group of apartment homes located at 1120 Spanish Town Road, Baton Rouge, Louisiana 70802, which they have advertised, operated, managed, and leased as "The Elysian," and/or "The Elysian Apartment Homes."

20. Upon information and belief, Defendant Latter & Blum Property Management, Inc. is the leasing and/or marketing agent for The Elysian located at 1120 Spanish Town Road, Baton Rouge, Louisiana  70802.

21. Upon information and belief, Defendant Apartments24-7.com is the web developer, web host and/or domain name agent for one or both of Defendant The Elysian, LLC and Defendant Latter & Blum Property Management, Inc. with respect to the web site located at the domain LiveAtTheElysian.com.

22. Defendants have advertised their services in a broad manner on the Internet at the website residing at gchp.net/projects/detail/The_Elysian, at the website residing at LiveAtTheElysian.com, and at facebook.com/pages/The-Elysian/363264290484237.

23. In connection with the operation, management, leasing, offer to lease and advertisement of their luxury properties, Defendants have incorporated, or have caused to be incorporated, "Elysian" into the domain name LiveAtTheElysian.com.

24. Upon information and belief, Defendants registered and/or caused to be registered the domain LiveAtTheElysian.com on June 20, 2013, nearly five years after Calida registered its first ELYSIAN-formative domain.

25. Upon information and belief, Gulf Coast Housing Partnership, L.L.C. of Louisiana is the Manager for Defendant The Elysian, LLC, while Gulf Coast Housing Partnership, Inc. is the Manager of Gulf Coast Housing Partnership, L.L.C. of Louisiana, and the parent entity for the foregoing entities (hereinafter, "Parent Entity").

26. Upon information and belief, Defendants renewed and/or caused to be renewed the registration of the domain LiveAtTheElysian.com on May 11, 2016, nearly a month after Calida informed Parent Entity and Defendant Latter & Blum Property Management, Inc. that it considered Defendants' use of Calida's ELYSIAN® mark an infringement of Calida's federal trademark/service mark rights.

27. Upon information and belief, Defendants' use of LiveAtTheElysian.com diverts consumers from Calida's online location for commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of that website.

28. The services advertised in connection with Defendants' use of the word "Elysian" include development, construction, operation, management, sale and/or leasing of luxury apartments and are the same or substantially related to, and are competitive with, Calida's development, management and leasing of luxury properties.

29. Calida has not given Defendants its consent to use the mark "Elysian" in connection with any developments, or any advertising, operation, management, leasing, or sales of such developments.

30. By their conduct, Defendants are using in interstate commerce a reproduction, counterfeit, copy or colorable imitation of Calida's federally registered ELYSIAN® mark in connection with the development, management, operation, leasing, and advertising of luxury apartment properties, which use is likely to cause confusion, or to cause mistake, or to deceive, purchasers as to the source, origin and sponsorship of Defendant The Elysian, LLC's luxury apartment properties and related services, and to mislead the public into believing that its luxury apartment properties and related services are approved, sponsored or authorized by Calida, or that the integrity of Defendant The Elysian, LLC or its luxury apartment properties and related services are vouched for by Calida.

31. Upon information and belief, at least Defendants The Elysian, LLC, through its Parent Entity, and Latter & Blum Property Management, Inc. have knowledge of Calida's federally registered ELYSIAN® mark and have willfully and intentionally used and continued to use such mark and colorable imitations thereof in its advertising to cause confusion or mistake, or otherwise deceive consumers as to Defendants' affiliation, connection or association with Calida, or otherwise cause a likelihood of confusion.

32. At least as early as April 12, 2016, Calida informed Parent Entity and Defendant Latter & Blum Property Management, Inc. that Calida considered the use of Calida's ELYSIAN® mark in conjunction with Defendants' luxury apartment rental and other real estate services and advertising thereof an infringement of Calida's federal trademark rights.

33. In response to such notification, Parent Entity and Defendant Latter & Blum Property Management, Inc. have refused any overtures for Defendants to license the ELYSIAN® mark from Calida, and has continued to willfully and wantonly use, or has permitted one or more of its controlled subsidiaries' continued use of, Calida's mark in interstate commerce for the

same or substantially related services as Calida.

## COUNT I – Trademark Infringement Under 15 U.S.C. § 1114(1)

34. Calida restates each and every averment of Paragraphs 1 through 31, as if fully rewritten.

35. Defendants' use of the name "Elysian" to refer to the subject luxury apartment rental properties and related rental and real estate services in their advertising infringes Calida's exclusive rights in its federally registered mark ELYSIAN® in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

36. Upon information and belief, the aforementioned acts and conduct of one or more of the Defendants were carried out with the intent and purpose of appropriating and trading upon the goodwill and reputation of Calida, and of passing off Defendants' services as Calida's services.

37. Defendants' acts were without license or consent of Calida.

38. Defendants' conduct has caused and will continue to cause irreparable injury to Calida unless restrained by this Court.

39. Remedies available at law, such as monetary damages, are inadequate to compensate for this irreparable injury.

40. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted.

41. The public interest would not be disserved by an injunction.

## COUNT II – False Designation of Origin Under 15 U.S.C. § 1125(a)

42. Calida restates each and every averment of Paragraphs 1 through 36, as if fully rewritten.

43. Defendants' use of the name "Elysian" to refer to the subject luxury apartment properties and related rental and real estate services in their advertising is likely to cause confusion and mistake, and deceive as to Defendants' affiliation, connection or association with Calida, and origin, sponsorship and approval of Defendants' services and commercial activities by Calida, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44. Defendant The Elysian, LLC and Defendant Latter & Blum Property Management, Inc., with knowledge of such falsity, offered, or caused to be advertised, sold and offered services in connection with trademarks that are confusingly similar to Calida's ELYSIAN® mark.

45. Defendants' conduct has caused and will continue to cause irreparable injury to Calida unless restrained by this Court.

46. Remedies available at law, such as monetary damages, are inadequate to compensate for this irreparable injury.

47. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted.

48. The public interest would not be disserved by an injunction.

**COUNT III – Cyberpiracy Under 15 U.S.C. § 1125(d)**

49. Calida restates each and every averment of Paragraphs 1 through 40 as if fully rewritten.

50. Upon information and belief, Defendants registered and/or use under license the domain name LiveAtTheElysian.com (hereinafter sometimes referred to as "Defendants' domain name").

51. Defendants' domain name, LiveAtTheElysian.com, is confusingly similar to

Calida's federally registered mark ELYSIAN®, which mark was registered prior to, and distinctive at, the time Defendants' domain name was originally registered.

52. Upon information and belief, Defendants are using the domain name LiveAtTheElysian.com with the bad faith intent to profit from Calida's mark in violation of 15 U.S.C. § 1125(d).

53. Defendants' conduct has caused and will continue to cause irreparable injury to Calida unless restrained by this Court.

54. Remedies available at law, such as monetary damages, are inadequate to compensate for this irreparable injury.

55. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted.

56. The public interest would not be disserved by an injunction.

### COUNT IV – Common Law Trademark Infringement & Unfair Competition

57. Calida restates each and every averment of Paragraphs 1 through 45 as if fully rewritten.

58. Defendants' use of the name "Elysian" to refer to the subject apartment properties and related real estate services in their advertising is likely to cause confusion and mistake, and deceive as to Defendants' affiliation, connection or association with Calida, and origin, sponsorship and approval of Defendant The Elysian, LLC's luxury apartment properties and related real estate services and commercial activities by Calida. Therefore, Defendants' use of the name "Elysian" to refer to the subject apartment properties and related real estate services in their advertising constitutes common law trademark infringement and unfair competition.

59. As a result, Defendants have been and are now being unjustly enriched by their wrongful misappropriation of Calida's federally registered mark ELYSIAN® and the goodwill symbolized by Calida's trademark.

60. Defendants' conduct has caused and will continue to cause irreparable injury to Calida unless restrained by this Court.

61. Remedies available at law, such as monetary damages, are inadequate to compensate for this irreparable injury.

62. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted.

63. The public interest would not be disserved by an injunction.

## JURY DEMAND

Plaintiff Calida demands a jury trial on all issues so triable in this matter.

WHEREFORE, Calida prays that this Court:

A. Permanently enjoin Defendants, their employees, agents, distributors, sales representatives, homeowner associations and all persons in active concert or participation with it who receive notice of such injunction, from infringing Calida's federally registered trademark in any manner, whatsoever, and, more specifically, from:

1. Referring to their apartment rental properties or related services as "The Elysian" or any confusingly similar variation thereof, in any leasing, advertisement or promotional activity;

2. Maintaining an Internet presence or using in any manner websites, URLs, packaging, labels, signs, literature, display cards, packaging, logos, advertising or promotional materials, or other materials that include the term "ELYSIAN" or otherwise infringe Calida's

federally registered ELYSIAN® mark;

3. Using Calida's federally registered ELYSIAN® mark in any way;

4. Creating any false designation of origin or false description or representation with respect to Calida's federally registered ELYSIAN® mark;

5. Making any statements on promotional materials, advertising or websites that are false or misleading as to source of origin of Defendants' services; and

6. Committing any acts calculated to or which could conceivably cause members of the trade or purchasing public to believe that Calida's goods, services, products, properties, trademarks, accolades, validations or other matters belong to Defendants;

B. Order the impounding and destruction of all of Defendants' advertising, signage, or other promotional materials, any materials used in the preparation of such items, which in any way use or make reference to the mark ELYSIAN® or that otherwise infringe Calida's mark;

C. Order that the Facebook page for "The Elysian" be deactivated;

D. Order that the domain name registration for LiveAtTheElysian.com, and all websites, URLs, social media sites which in any way use or make reference to the mark ELYSIAN®, be transferred to Calida;

E. Find one or more of Defendants' infringement to be willful;

F. Award Calida Defendants' profits derived from Defendants' use of Calida's federally registered marks in Defendants' advertising, and order Defendants to account to Calida for the same;

G. Award Calida actual damages;

H. Treble the award of profits/damages to Calida;

I. Award Calida, at its election, statutory damages for violation of 15 U.S.C. §

1125(d)(1);

J. Award Calida its reasonable attorney's fees;

L. Award Calida interest and costs; and

M. Award Calida such other and further relief as this Court shall find Calida due under the law or in equity.

DATED: May 19, 2017			Respectfully submitted,


_Larry Feldman, Jr._
Larry Feldman, Jr. (La. Bar No. 5503)
R. Andrew Patty II (La. Bar No. 23892)
Vicki A. Elmer (La. Bar No. 28569)
**McGLINCHEY STAFFORD**
601 Poydras Street, Suite 1200
New Orleans, LA  70130
(504) 504-586-1200 – telephone
(504) 504-596-2500 – facsimile
email: lfeldman@mcglinchey.com
email: dpatty@mcglinchey.com
email: velmer@mcglinchey.com

Attorneys for Plaintiff

4848-9567-0856